UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDEN WABE,

    Plaintiff,

v.                                                    Case No. 8:24-cv-123-TPB-UAM

EQUIFAX INFORMATION
SERVICES, LLC, et al.,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

This matter is before the Court on "Defendants Trans Union, LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc.'s Joint Motion for Judgment on the Pleadings and Memorandum in Support," filed on April 15, 2024. (Doc. 34). On April 19, 2024, the Court denied Plaintiff Branden Wabe's motion to strike the motion for judgment on the pleadings. (Doc. 36). On April 22, 2024, Plaintiff filed a response in opposition. (Doc. 37). On May 31, 2024, Plaintiff filed a motion seeking a hearing on the motion for judgment on the pleadings (Doc. 47), but no hearing is required. After reviewing the motion, response, court file, and the record, the Court finds as follows:

In this case, Plaintiff brings this *pro se* suit against Defendants for alleged violations of the Fair Credit Reporting Act ("FCRA"). Defendants seek judgment on the pleadings, arguing that Plaintiff has failed to identify any inaccurate information in his credit reports.

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018); *Rhodes v. First Advantage Background Servs. Corp.*, No. 6:22-cv-2399-RBD-RMN, 2024 WL 1526155, at *4 (M.D. Fla. Mar. 5, 2024). Accordingly, a court must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. *See Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010). The court must also consider the answer and any documents attached as exhibits. *Eisenberg v. City of Miami Beach*, 54 F. Supp. 3d 1312, 1319 (S.D. Fla. 2014). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham*, 592 F.3d at 1255 (internal quotation omitted).

The FCRA requires credit agencies to adopt reasonable procedures for ensuring the accuracy of credit information that they collect and report. 15 U.S.C. § 1681(b), (e). Noncompliance may result in civil liability. 15 U.S.C. § 1681n. "To state a claim under § 1681(e)(b), a plaintiff must allege that a credit reporting agency's report was inaccurate, the agency failed to follow reasonable procedures to ensure 'maximum possible accuracy of its reports,' and that the failure caused damages to the plaintiff." *Spector v. Barclays Bank Delaware*, No. 1:20-cv-24300-UU, 2021 WL 8918999, at *1 (S.D. Fla. Feb. 10, 2021) (citing *Enwonwu v. Trans Union, LLC*, 164 F. App'x 914, 918 (11th Cir. 2006)).

In his complaint, Plaintiff alleges that in the fall of 2022, he noticed "inaccuracies" being reported after a routine check of his credit reports, and that over the next year, he

disputed the accuracy of the accounts. He further alleges that in July 2023, he "again" noticed inaccurate information, so he sent dispute letters to Defendants pertaining to "Discover Bank charge off status and balance, Truist Bank charge off status and balance, Regions bank charge off status and balance, Fairwinds Credit Union payment history balance and charge off status, Westlake Portfolio MGM payment history balance and charge off status, and LVNV permissible purpose and balance."

The allegations are barebones and largely conclusory – although Plaintiff alleges that the account information was "inaccurate" as to "charge off status[es] and balance[s]," he does not factually explain the nature of the inaccuracies. This is important because some alleged "inaccuracies" may not support FCRA claims. *See Batterman v. BR Carroll Glenridge, LLC*, 829 F. App'x 478, 480 (11th Cir. 2020); *Spector*, 2021 WL 8918999, at *2. As such, the Court finds that Plaintiff only alleges legal conclusions through his references to "inaccuracies," and he fails to factually allege any FCRA claims under § 1681(e)(b). The motion is therefore granted as to this ground.

Similarly, under 15 U.S.C. § 1681i, Plaintiff must allege inaccurate reporting by Defendants. *See id.*; *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1329 (S.D. Fla. 2011). He fails to do so here because he fails to sufficiently allege the factual nature of the inaccurate reporting. The motion is therefore granted as to this ground.

To the extent that Defendants contend Plaintiff has failed to establish a concrete injury that would confer standing, he has alleged denial of credit, which is sufficient. The motion is therefore denied as to this ground.

Although Defendants also argue that Plaintiff has failed to allege any willful violation of the FCRA, the Court declines to further address this argument in light of its

dismissal based on the lack of factual allegations concerning the credit report inaccuracies.

## *Leave to Amend*

Although the Court concludes that Plaintiff's FCRA claims, as presently pleaded, are facially insufficient, the Court disagrees that dismissal with prejudice is warranted at this time. Leave to amend should be freely granted, and Defendants have not convinced the Court that amendment would be futile. Although there are clearly pleading defects, it cannot be said at this juncture that Plaintiff cannot allege or prove any set of facts to support his claims. *See Pinto v. Microsoft Corp.*, No. 12-60509-CIV, 2012 WL 4479059, at *3-4 (S.D. Fla. Sept. 28, 2012). Furthermore, Defendants will not be prejudiced if the Court grants leave to amend at this stage of the proceedings. As such, the Court will grant the motion for judgment on the pleadings, but it will also grant Plaintiff leave to file an amended complaint to correct the deficiencies of the complaint, if he may do so in good faith. In any amended complaint, Plaintiff must identify with sufficient factual detail the nature of any alleged inaccuracies in his credit reports. Failure to do so may result in the dismissal of this case.

Plaintiff is advised that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation - particularly in federal court - is difficult, and Plaintiff should consider hiring an attorney. If he is unable to afford counsel, he should consider the resources available to *pro se* litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on

the Court's website.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Defendants Trans Union, LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc.'s Joint Motion for Judgment on the Pleadings and Memorandum in Support" (Doc. 34) is **GRANTED IN PART** and **DENIED IN PART**.

2) The motion is **GRANTED** to the extent that the Court finds Defendants are entitled to judgment on the pleadings as to all counts of the complaint due to pleading deficiencies.

3) The motion is otherwise **DENIED**.

4) Plaintiff may file an amended complaint on or before July 11, 2024, if he may do so in good faith. Failure to file an amended complaint as directed will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020). Failure to cure the identified defects may result in the dismissal of this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of June, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE